|  |  |
|---|---|
| JON HUMES, | No. 2:17-cv-2610-EFB P |
| Plaintiff, |  |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MARY GREEN, et al., |  |
| Defendants. |  |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Prior to the issuing its initial screening order, plaintiff filed a total of four complaints. ECF Nos. 1, 14, 16, 18. Those complaints named a combination of Mary Green, Placer County, and/or the State of California as defendants. *See id.* The first complaint asserted a defamation

claim based on the Placer County District Attorney's Office's alleged preparation of a false report identifying plaintiff as a sex offender. ECF No. 1 at 3. Plaintiff's subsequent complaints largely echoed those allegations. ECF Nos. 14, 16, 18. They also alleged that plaintiff's daughter had made false claims against him and that he had been denied his right to due process. ECF No. 14 at 3; ECF No. 16 at 4. In dismissing all four of plaintiff's complaints, the court informed plaintiff of the legal standards governing his intended claims for relief and explained why his allegations could not survive screening pursuant to those standards. ECF No. 19 at 3-4.

In the fifth complaint, now before the court for screening (ECF No. 21), plaintiff asserts an excessive force claim and an Americans with Disabilities Act claim against two previously unnamed defendants. The amended complaint does not reference the claims asserted in the four prior complaints, and consequently, fails to cure the defects in those claims which were previously addressed by the court. Instead, the fifth complaint alleges only new, unrelated claims. Neither the new defendants nor the new claims may be properly joined in this action.[1] *See* Fed. R. Civ. P. 18(a), 20(a)(2). If plaintiff wishes to pursue unrelated claims against additional defendants, he must pursue them in a separate action. *See George v. Smith,* 507 F.3d 605, 607 (9th Cir. 2007).

The court granted plaintiff leave to amend for the purpose of curing the defects in his original claims. ECF No. 19 at 4. Notably, the court warned plaintiff that in any amended complaint, he could "not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)." *Id.* at 4. Plaintiff has both failed to comply with the court's screening order and to cure the defects in his original claims for relief.

/////

---

[1] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Therefore, this action should be dismissed without further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 21) be dismissed for failure to comply with the court's order and for failure to state a claim upon which relief may be granted, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE